**CHUN GUANG GAO, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 07–4496–ag.**

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

Theodore N. Cox, New York, NY, for Petitioner.

Michael F. Hertz, Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Theodore C. Hirt, Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

## *SUMMARY ORDER*

Petitioner Chun Guang Gao, a native and citizen of the People's Republic of China, seeks review of a September 28, 2007 order of the BIA denying his second motion to reopen. *In re Chun Guang Gao,* No. A070 906 013 (B.I.A. Sept. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Gao's motion to reopen as untimely. *See* 8 U.S.C. § 1229a (c)(7)(C); *see also* 8 C.F.R.

§ 1003.2(c)(2). Gao argues that the BIA erred by finding that he failed to produce evidence demonstrating either material changed country conditions excusing the untimely filing of his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail because we have previously reviewed the BIA's consideration of evidence similar to that which Gao submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).